UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cv-11 |
| ) | (Phillips) |
| CMC CONSTRUCTION COMPANY, INC., ) | |
| JERRY G. CROWE, TARA ASHER, ) | |
| GARRETT ASHER, RONALD ASHER, and ) | |
| ASHER INVESTMENTS LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the court on defendant (and cross-plaintiff) Tara Asher's Motion for Leave to Amend her Cross-Complaint against Defendant Jerry G. Crowe [Doc. 138]. Tara Asher filed her cross-claim against Jerry Crowe on March 15, 2006 [Doc. 9]. On February 3, 2010, Tara Asher moved for leave to file an amended cross-claim. [Doc. 138]. Asher states that she wishes to amend her cross-claim to add a claim for punitive damages. [Id.].

Rule 15 of the Federal Rules of Civil Procedure provides that where, as here, a defendant has already served a responsive pleading to the original complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend a pleading, the court balances multiple factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing

1

party, and futility of amendment. *E.g.*, *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

The court finds that all of these factors weigh in favor of allowing Tara Asher to amend her cross-claim against Jerry Crowe. First, because trial is scheduled to begin on August 3, 2010, allowing Tara Asher to amend her cross-claim will not result in an undue delay. Second, the amended cross-claim will not result in a lack of notice to Jerry Crowe. Jerry Crowe has been aware of Tara Asher's breach of fiduciary cross-claim against him for nearly four years. [Doc. 9]. The only difference between the cross-claim [Doc. 9] and the proposed amended cross-claim [Doc.138-1] is a request for punitive damages. Because there is no change in the underlying cause of action against Jerry Crowe, the court finds that there will not be a notice problem. Third, there is no evidence that Tara Asher acted in bad faith by requesting punitive damages against Jerry Crowe. Fourth, this is Tara Asher's first request to amend her cross-claim, and the proposed changes do not affect the substance of the cross-claim against Jerry Crowe. Fifth, the court finds that granting Tara Asher leave to amend her cross-claim would not be "futile."

A motion to amend is futile only if it would not withstand a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins., Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). Thus, before the court may grant Tara Asher's motion for leave to amend her cross-claim [Doc. 138], the court must determine whether Tara Asher's claim for punitive damages would survive a 12(b)(6) motion to dismiss.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual

inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

The court finds that Tara Asher has made sufficient allegations in the proposed amended cross-claim [Doc. 138-1] to survive a 12(b)(6) motion to dismiss. Tara Asher's proposed amended cross-claim to add punitive damages [Doc. 138-1] incorporates by reference the factual allegations of her original cross-claim against Jerry Crowe [Doc. 9]. In that original cross-claim, Tara Asher alleges that Jerry Crowe breached his fiduciary duty by deliberately excluding her from the operations of CMC. In particular, Tara Asher alleges that "Jerry Crowe withheld knowledge about important decisions which were being made for the company and its litigation against Knight/Jacobs, all to the detriment of Tara Asher." [Doc. 9 at 16]. The court finds that when accepting these factual allegations as true, Tara Asher has pleaded a cause of action against Jerry Crowe that would survive a 12(b)(6) motion to dismiss.

For good cause stated, Tara Asher's Motion to Amend her Cross-Complaint [Doc. 138] is **GRANTED**, whereby Tara Asher is granted leave pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended cross-claim containing a request for punitive damages against Jerry Crowe. Pursuant to Local Rule 15.1, Tara Asher shall file the amended cross-claim against Jerry Crowe **in its entirety** within ten days of entry of this order.

**IT IS SO ORDERED**.

**ENTER:**

     s/ Thomas W. Phillips
United States District Judge